# CIRCUIT COURT OF THE CITY OF RICHMOND

Barbara D. Teiber

v.

Virginia Department
of Taxation

August 13, 1999

Case No. HK-1188-3

BY JUDGE MELVIN R. HUGHES, JR.

In this case, Barbara Teiber, a state employee employed with the Virginia Department of Taxation, has requested a determination that her employment grievance qualifies for a panel hearing. Teiber filed a grievance on the matter of her performance evaluation. The evaluation was done on October 30, 1997, which rated her at "Meets Expectations." Teiber complains that actions by management denied her the opportunity to exceed established performance standards. She alleges that her evaluation was arbitrary and capricious, that policy was misapplied, and the performance rating was retaliatory. The task for the court is to determine whether the matter qualifies for a panel hearing pursuant to Va. Code § 2.1-114.5:11(E).

Teiber is a customer service representative. She is rated on performance in correspondence, telephone contact with the public, and walk-in duties. Except for the evaluation period at issue, in the past, Teiber has received "Exceeds Expectations" evaluations. Teiber contends that, in order to qualify for a hearing, she needs to allege facts which, if proved, at the hearing would prove a grievance. She cites eight areas which by the facts mentioned will demonstrate in a hearing how managers, motivated for reasons of race or in retaliation, allocated work and limited her activities to preclude her from getting an "Exceeds Expectations" rating, even though she performed at that level.

During the grievance process, Teiber sought the production of documents from the agency. Some of that information is now available and Teiber believes that many documents will support her claims. These matters, when shown, would lead the fact finder at a hearing to conclude that all of her claims have merit. The question is should Teiber's assertions, without more, entitle her to a hearing. The court thinks not.

The facts relative to Teiber's work duties are set out in a letter dated June 15, 1999, by the Director of the Department of Employee Relations Counselors. The Director denied grievability. He pointed out that with respect to Teiber's duties no facts were shown to indicate that management orchestrated her work efforts or alleviated assignments to preclude Teiber from achieving a higher job performance rating.

Here, Teiber has not come forward with any facts to support her claims. She cannot rely on assertions because she has to make some showing beyond merely stating that her claims are grievable. For example, four of the areas Teiber contends will demonstrate her grievance are:

(a) Instead of assigning mail by oldest mail first, mail was selectively (and perhaps discriminatorily) separated and assigned by management to give preference in non-filer (easier) mail assignments resulting in higher numbers to the persons advantaged;

(b) Representatives were selectively exempted from work to boost rating numbers;

(e) Selective assignment of phone, mail, and walk-in and tracked versus non-tracked time so as to advantage selected individuals;

(f) Telephone call opportunities were selectively assigned, if not by computer routing of calls, then by selective assignment to "lighter load desks" without rotation of duties or adjustment of ratings for number of cases, mail, and walk-in processed.

Again, Teiber has made no showing in the record or by evidence here to show she has any colorable bases to support her factual assertions. This court has required that a grievant make a prima facie or probable cause indication of entitlement to a panel hearing. Here there is nothing but assertions and no evidence. Teiber's request for a panel hearing must be denied.